UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPEC'S FAMILY PARTNERS, LTD. | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-438 |
| THE HANOVER INSURANCE COMPANY | § § § | |
| *Defendant*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Spec's Family Partners, Ltd. ("Spec's") hereby files this Complaint against Defendant The Hanover Insurance Company ("Hanover") and would respectfully show the Court as follows:

### I.   PARTIES

1.   Plaintiff Spec's Family Partners, Ltd. is a Texas limited partnership with its principal place of business in Houston, Texas. All partners of the limited partnership are citizens of Texas.

2.   Defendant The Hanover Insurance Company is a New Hampshire corporation with its principal place of business in Worcester, Massachusetts. Hanover can be served through its registered agent, CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201.

### II.   JURISDICTION AND VENUE

3.   The foregoing paragraphs are incorporated herein by reference.

4.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Defendant is not a citizen of any state of which Plaintiff is also a citizen, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Houston, Texas.

### III. FACTUAL BACKGROUND

6. The foregoing paragraphs are incorporated herein by reference.

7. Spec's is a family-owned specialty retail chain based in Houston with approximately 160 locations throughout Texas.

8. Spec's is insured under Policy No. LHD 8930093 03 issued by Hanover to Spec's for the period from October 28, 2013 to October 28, 2014 (the "Policy").

9. Under the Policy, Hanover has a duty to defend "Claims" against Spec's.

10. Hanover is also obligated under the Policy to pay "Loss," including damages, settlement and judgments, which Spec's is legally obligated to pay because of "Claims" made against Spec's during the "Policy Period" and reported to Hanover during the "Policy Period" for any "Wrongful Act" to which the Policy applies.

11. As a retailer, Spec's accepts credit cards issued by Visa and MasterCard, among other card brands.

12. In 2001, Spec's entered into a Merchant Agreement with EFS National Bank ("EFS"), whereby EFS agreed, among other things, to provide transaction services, including the processing of transactions with customers using Visa and MasterCard credit cards, in exchange for fees (hereinafter the "Merchant Agreement").

13. Subsequent to 2001, FirstData Merchant Services Corporation ("FirstData") succeeded to EFS's rights and obligations under the Merchant Agreement.

14. Between October 2012 and February 2014, Spec's was the victim of two separate attacks on its computer network by unknown criminal(s) intent on obtaining third-party credit card information (collectively hereinafter the "Data Breaches").

15. As a result of these attacks, MasterCard issued liability assessments to FirstData in November 2013 relating to the "First Breach" and in March 2015 relating to the "Second Breach" for credit monitoring, replacement cards, reimbursement for fraudulent transactions on cards compromised during the Data Breaches, and other related costs incurred by MasterCard's issuing banks.

16. On December 16, 2013, FirstData made a demand on Spec's for indemnification for the first MasterCard assessment as well as an anticipated assessment from Visa, together in the amount of $7,624,846.21.

17. On March 25, 2015, FirstData made a further demand on Spec's for indemnification for the second MasterCard assessment in the amount of $1,978,019.49.

18. Without Spec's consent or any adjudication of Spec's liability for any assessment, FirstData unilaterally and wrongfully withheld funds from Spec's daily credit card settlements from Visa and MasterCard totaling approximately $4.2 million.

19. Spec's provided Hanover with notice under the Policy of FirstData's December 16, 2013 and March 25, 2015 demand letters (collectively the "Claim").

20. After initially refusing any obligation to defend Spec's, on August 22, 2014, Hanover acknowledged its duty to defend Spec's against the Claim.

21. On November 5, 2014, Spec's and Hanover entered into a Defense Funding Agreement in which Hanover consented to the retention of Haynes and Boone, LLP as defense

counsel for Spec's and agreed to pay the reasonable and necessary defense expenses incurred by Spec's in connection with the Claim.

22. Because FirstData had already unilaterally and wrongfully withheld from Spec's accounts approximately $4.2 million without Spec's consent or any adjudication of Spec's rights or obligations to FirstData, in December 2014, Spec's filed suit in the United States District Court for the Western District of Tennessee (the "Tennessee Litigation") asserting claims for breach of contract relating to FirstData's withholding for existing MasterCard assessments and declaratory relief with respect to future card brand assessments.

23. Spec's retained Haynes and Boone, LLP as lead counsel and Butler Snow, LLP as local counsel in the Tennessee Litigation.

24. Notwithstanding Hanover's agreement to defend Spec's in connection with the Claim, Hanover has refused payment for those defense expenses incurred by Spec's in connection with the Tennessee Litigation.

25. Even though FirstData's unilateral taking of Spec's funds without judicial process necessitated the filing of the Tennessee Litigation, Hanover has wrongfully asserted that the attorneys' fees incurred in the Tennessee Litigation do not qualify as "defense expenses" but are incurred solely in the pursuit of so-called affirmative claims against FirstData.

26. Hanover's refusal to pay for the defense expenses incurred to adjudicate Spec's liability, if any, for the Claim have caused Spec's substantial damages.

### IV.    CAUSES OF ACTION

**A.    Breach of the Policy**

27. The foregoing paragraphs are incorporated herein by reference.

28. The Policy is a valid, enforceable contract.

29. Spec's is the named insured under the Policy.

30. Spec's has satisfied all conditions under the Policy.

31. Hanover has acknowledged its duty to defend Spec's in connection with the Claim.

32. The Policy requires Hanover to defend Spec's in connection with the Claim, including those defense expenses incurred in the Tennessee Litigation. Alternatively, the terms of the Policy are ambiguous and must be interpreted in favor of coverage.

33. Hanover has breached the Policy by failing to pay Spec's defense expenses in connection with the Claim, including those defense expenses incurred in the Tennessee Litigation.

34. In failing to pay Spec's defense expenses, Hanover has breached its obligations under the Policy.

35. Hanover's breach of the Policy has caused Spec's substantial damages.

**B.     Breach of the Defense Funding Agreement**

36. The foregoing paragraphs are incorporated herein by reference.

37. The Defense Funding Agreement is a valid, enforceable contract.

38. Spec's is a party to the Defense Funding Agreement.

39. Spec's has satisfied all conditions under the Defense Funding Agreement.

40. The Defense Funding Agreement unambiguously or ambiguously requires Hanover to pay Spec's defense expenses in connection with the Claim.

41. Hanover has failed to pay the defense expenses incurred by Haynes and Boone, LLP and local counsel Butler Snow, LLP to defend Spec's in connection with the Claim, including those defense expenses incurred in the Tennessee Litigation.

42. By failing to pay Spec's defense expenses, Hanover has breached the Defense Funding Agreement.

43. Hanover's breach of the Defense Funding Agreement has caused Spec's substantial damages.

**C.    Declaratory Judgment**

44. The foregoing paragraphs are incorporated herein by reference.

45. An actual, justiciable controversy exists between Spec's and Hanover regarding Hanover's ongoing obligation to pay Spec's continuing defense costs in connection with the Claim, including those ongoing defense expenses incurred by Haynes and Boone, LLP and local counsel Butler Snow, LLP in the Tennessee Litigation.

46. Pursuant to 28 U.S.C. § 2201, Spec's seeks a declaration that Hanover has a continuing obligation to pay Spec's defense expenses in connection with the Claim, including those defense expenses incurred by Haynes and Boone, LLP and local counsel Butler Snow, LLP in the Tennessee Litigation.

**D.    Chapter 542 of the Texas Insurance Code**

47. The foregoing allegations are incorporated herein by reference.

48. Spec's has made a claim under the Policy for defense expenses incurred and paid in connection with the Claim and has satisfied all conditions under the Policy.

49. Hanover has engaged in conduct that constitutes violations of Chapter 542 of the Texas Insurance Code by delaying and/or failing to timely pay for the defense expenses incurred and paid by Spec's in connection with the Claim.

50. Consequently, Spec's is entitled to the damages set forth in Section 542.060 of the Texas Insurance Code, including, in addition to the amount of the unpaid defense costs, interest

at the rate of eighteen percent (18%) per annum as well as any and all other relief provided therein.

### E.     Attorneys' Fees

51.     The foregoing allegations are incorporated herein by reference.

52.     Due to the actions of Hanover, Spec's has been required to retain the services of the law firm of Haynes and Boone, LLP. Spec's has agreed to pay Haynes and Boone, LLP a reasonable fee for its services necessarily rendered and to be rendered in this action. Pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code and/or Section 542.060 of the Texas Insurance Code, Spec's is entitled to an award of its reasonable attorneys' fees against Hanover in an amount to be established at trial.

### V.     JURY DEMAND

53.     Spec's hereby requests a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### VI.     PRAYER

WHEREFORE, Plaintiff Spec's Family Partners, Ltd. respectfully requests that this Court grant it the following relief:

(1)     Judgment awarding Plaintiff all damages caused by Defendant's breach of the Policy;

(2)     Judgment awarding Plaintiff all damages caused by Defendant's breach of the Defense Funding Agreement;

(3)     A declaration that Defendant has an ongoing obligation to pay Plaintiff's continuing defense expenses in connection with the Claim, including those

defense expenses incurred by Haynes and Boone, LLP and local counsel Butler Snow, LLP in the Tennessee Litigation;

(4) Judgment awarding Plaintiff all damages sustained as a result of Defendant's violations of Chapter 542 of the Texas Insurance Code;

(5) Judgment awarding Plaintiff all reasonable and necessary attorneys' fees and expenses incurred in this matter under Chapter 38 of the Texas Civil Practice & Remedies Code and Chapter 542 of the Texas Insurance Code;

(6) Judgment awarding Plaintiff pre-judgment and post-judgment interest in the amount allowed by law;

(7) Judgment awarding Plaintiff all costs of court; and

(8) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *Micah E. Skidmore* _____
Micah E. Skidmore
State Bar No. 24046856
HAYNES AND BOONE, L.L.P.
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:   (214) 651-5000
Telecopier:   (214) 651-5940

ATTORNEYS FOR PLAINTIFF SPEC'S FAMILY PARTNERS, LTD.