UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPEC'S FAMILY PARTNERS, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-438 |
| | § | |
| THE HANOVER INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Hanover Insurance Company's ("Hanover") motion for certification for interlocutory appeal. Dkt. 84. Having considered the motion and applicable law, the court is of the opinion that Hanover's motion (Dkt. 84) should be DENIED.

Hanover seeks to appeal the court's order granting in part plaintiff Spec's Family Partners, Ltd.'s ("Spec's") motion for summary judgment. *See* Dkt. 83 (the "July 2019 Order"). In the July 2019 Order, the court held that Hanover's duty to defend included the duty to pay for expenses Spec's incurred as the result of litigation filed in federal district court in Tennessee (the "Tennessee Litigation"). *Id.* at 14. Although Spec's initiated the Tennessee Litigation, the court held that the litigation was defensive in nature and fell within Hanover's duty to defend. *Id.*

The final judgment rule provides that "a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S. Ct. 1992 (1994); *see also Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009). However, 28 U.S.C. § 1292(b) allows interlocutory appeals before final judgment when a trial court's order: (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may

materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) (emphasis in original). The Fifth Circuit instructs that such interlocutory appeals should only be granted in "exceptional" circumstances. *Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Section 1292(b) "represent[s] a rarely used exception to the strong judicial policy disfavoring piecemeal appeals." *Coates v. Brazoria Cty.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (Costa, J.) (citations and quotations omitted). Additionally, the decision to permit an interlocutory appeal is within the discretion of the district court. *Id.* (citing *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47, 115 S. Ct. 1203 (1995)).

Here, there is no substantial ground for difference of opinion as to the controlling question of law in this case. The Fifth Circuit addressed this exact legal issue in *Simon v. Maryland Casualty Co.*, 353 F.2d 608 (5th Cir. 1965), and held that a duty to defend could encompass the prosecution of affirmative claims by an insured. As the court previously explained, *Simon* controls here and does not conflict with later Fifth Circuit precedent concerning factually similar, but legally distinct, scenarios. *See* Dkt. 83 at 9–14. This is not an "exceptional" circumstance warranting a § 1292(b) appeal. *See Clark-Dietz*, 702 F.2d at 69. Accordingly, Hanover's motion for certification (Dkt. 84) is DENIED.

Signed at Houston, Texas on August 16, 2019.

_____
Gray H. Miller
Senior United States District Judge